the entire record, weighed the evidence, examined the facts, and are of the opinion that the order of the county court of Payne county which authorized Celia Skinner, as guardian of the plaintiff, to make the expenditure which she did in the discharge of the mortgage lien on the property devised to the plaintiff was a valid order and one within the jurisdiction of said court. In view of this conclusion we deem it unnecessary to discuss or review at any length the various authorities cited by the plaintiff with reference to the power of guardians to invest funds belonging to their wards, the sanctity of proceeds derived from insurance contracts, the essentials of constructive fraud and the interlocutory character of orders made in the process of administration of a ward's estate and the necessity of a guardian acting honestly and faithfully in the discharge of his trust, since all of these subjects are immaterial to the situation here presented. After a careful review of the record, we are convinced that the plaintiff's plight is attributable chiefly to the acts of her present guardian, and that the findings and judgment of the trial court are supported by the clear weight of the evidence. Under such circumstances this court will not disturb the judgment. Interstate Bldg. & Loan Co. v. Oklahoma City, 84 Okla. 227, 203 P. 172.

Judgment affirmed.

BAYLESS, V. C. J., and RILEY. PHELPS, and CORN, JJ., concur. GIBSON and HURST, JJ., concur in conclusion.

W. A. Barnett, for plaintiff in error.

Wellington L. Merwine, for defendant in error.

PER CURIAM. On the 19th day of July, 1937, the court entered judgment overruling the exceptions to the final account in the probate proceedings involved.

A motion to dismiss has been filed alleging that no proper appeal has been perfected for the reason that the plaintiff in error attempts to appeal from the order overruling the motion for new trial instead of the order overruling the exceptions to the final account, which raised only questions of law, citing In re Guardianship of Butler, 130 Okla. 241, 266 P. 1106. A response was called for by this court and none was filed. The record reasonably sustains the allegations of such motion. In French v. Bragg, 177 Okla. 43, 55 P.2d 953, we hold that it is not the duty of this court to search for some reason to sustain the appeal under such circumstances.

The appeal is dismissed.

OSBORN, C. J., and RILEY, PHELPS, GIBSON, and DAVISON, JJ., concur.

---

## In re WILLIAMS' ESTATE. WILLIAMS v. TUEPKER.

No. 28498.   Oct. 4, 1938.

## TEXAS CO. et al. v. STATE INDUSTRIAL COMMISSION et al.

No. 28476.   Oct. 4, 1938.

